

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

WILLIAM WILSONXXXXX

ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2258
Re: Payment of accounts incurred
by Assistant Attorneys General
for expenses in connection with
the performance of work for
other State departments is pay-
able out of the appropriations
made to such other State depart-
ments.

This will acknowledge receipt of your letter of April 19, 1940.
In this letter you quote the following provisions of Senate Bill 427, Acts of
the 46th Legislature:

"The appropriations herein provided are to be construed as
the maximum sums to be appropriated to and for the several pur-
poses named herein, and the amounts are intended to cover and
shall cover the entire cost of the respective items and the same
shall not be supplemented from any other source; and, except as
otherwise provided, no other expenditures shall be made, nor shall
any other obligations be incurred by any department of this State."

"It is provided that no expenditure shall be made for traveling
expenses by any department of this State in excess of the amount
of money itemized herein for said purpose. This provision shall
be applicable whether the item for traveling expenses is to be paid
out of the appropriation from the General Fund, from fees, receipts
or special funds collected by virtue of certain laws of this State, or
from other funds (exclusive of Federal funds) available for use by a
department."

"Transfers from Special Funds: In order that the cost of legal
work and law enforcement may be equitably distributed and charged

against the various administrative enforcement funds, the State Comptroller of Public Accounts and the State Treasurer shall, as soon as possible, after August 31, 1940 and August 31, 1941, respectively, transfer to the General Revenue Fund of this State from the following special finds and allocated collections thereto a sufficient amount of money to pay the entire cost of legal work and law enforcement, including salaries, rendered by the Attorney General's Department for the respective State agencies involved. The Attorney General shall, on or before August 31, 1940, and on or before August 31, 1941, submit to the State Comptroller and the State Treasurer an itemized statement, under oath, setting forth the cost of legal work and law enforcement, including salaries, rendered by his Department to the agency affected. In making the allocations aforementioned the State Comptroller and the State Treasurer shall deduct from the following funds the amounts charged against the same as certified by the Attorney General: Oil and Gas Enforcement Fund, State Highway Fund, Gas Utilities Fund, Motor Fuel Tax Enforcement fund, Old Age Administration Fund, Securities Act Fund, Cigarette Tax Enforcement Fund, Motor Transportation Receipts, Enforcement Funds collected by Banking Commissioners, State Board of Barber Examiners, State Board of Hairdressers and Cosmetologists Fund, Enforcement Fees collected by Board of Insurance Commissioners, Enforcement Funds collected by Commissioner of Agriculture, Enforcement Funds collected by Bureau of Labor Statistics, Operators and Chauffeur's License Fund, proceeds derived from the sale of alcoholic beverage stamps before allocation, Special Game Fund, and other such Special Funds for which services are rendered by this Department."

You refer to the situation wherein employees of this department incur expenses in connection with the rendition of services directly for another State department, and ask the following three questions:

"1. Would provision No. 1 be violated if accounts incurred under such conditions were paid out of appropriations made to other state departments ?

"2. Should provision No. 2, as construed in conference opinions Nos. 3082 and 3089, be applied to the appropriation made for traveling expenses for your Department when the traveling expense accounts incurred by your assistants in representing the Departments listed in provision No. 3 ?

"3. If question No. 2 is answered in the negative, please give your interpretation of the force and effect of provision No. 3."

The question to be determined is whether the appropriation made to another State department is available for the payment of the traveling and other expenses incurred by an Assistant Attorney General in direct and immediate connection with the handling of a lawsuit or other matter for such State department.

Effect, of course, is to be given to the intent of the Legislature. In ascertaining that intent, the ordinary rules of statutory construction are to be applied to the appropriation bill. Because the Legislature has appropriated sums of money to the various State departments for maintenance and miscellaneous items of expense, without any direction definitely indicating the limit of the authority of the department to make expenditures therefrom, we are driven to the application of general principles to the appropriation bill.

As a matter of sound business and accounting principle, an expense is properly to be regarded as that of the project which occasions it and which directly receives the benefit accruing from the expenditure. This is true in government as in private business enterprise.

The Attorney General is charged with the duty of law enforcement generally. In the discharge of his functions, he represents the State directly; but in the discharge of his functions he also serves as the legal representative and advisor of various State departments who are charged by law with the administration and enforcement of certain statutes. Through the rendition of legal services, he assists them in the performance of their duties in that respect. That the Attorney General's assistance is had, however, does not alter the fact that the primary duty of administration and enforcement, in such instances, is on the particular State department served, and the cost involved that incident to the administration and enforcement of the particular law.

The function of an appropriation to a State department is to provide funds for the discharge of the duties imposed by law upon that department. Where a department is charged with the duty of administering and enforcing a particular law, the institution, prosecution and defense of lawsuits to that end is as much the duty of that department as it is of the Attorney General,

whose services are enlisted therein. And the expense incident thereto is an expense of administering and enforcing such law.

It follows from what has been said that where a department charged with the administration and enforcement of a law enlists the services of the Attorney General in order to perform such duty, the expenses immediately incurred in connection with the performance of the service may be borne out of the appropriation made to that department, or out of the Attorney General's appropriation. The availability of the appropriation to defray such expense is determined by ascertaining that the expense is incurred by permission of the department head for the purpose of administering and enforcing the laws committed to the department--not by the departmental connection of the persons who incurs the expense in rendering the service requested.

To illustrate: The General Law provides for the appointment of as many as six Assistant Attorneys General by the Attorney General, as may be requested by the Texas Liquor Control Board, to assist the Board in the enforcement of the liquor laws. (Vernon's Revised Penal Statutes, Article 666, Section 7(c).) The law provides that the salaries of these Assistants shall be paid from the funds appropriated to the Liquor Board for the enforcement of the Act, and stipulates that the Board shall furnish the Assistants office space and stenographic service--but the law makes no provision for the payment of the expenses incurred by the Assistants in the performance of their duties.

The 45th Legislature, in the departmental appropriation bill passed by it, listed these six Assistants in the Liquor Board Appropriation. They were employed and were subject to discharge by the Attorney General, were supervised and controlled by him, and were responsible to him and not to the Liquor Board for the faithful and efficient discharge of their duties. These Assistant Attorneys General were employees of the Attorney General, not of the Texas Liquor Control Board. Yet, under this state of facts, the expense incurred by these Assistants in prosecuting and defending suits for the Liquor Control Board were borne out of the Liquor Board appropriations, which was, we think, in accordance with the legislative intention. This was not because the Assistants were employees of the Liquor Board, but because the expenses were incurred directly and immediately in connection with the administration and enforcement of the liquor laws, which was the primary responsibility of the Liquor Board, and to defray the expense of which the Liquor Board appropriation was provided by the Legislature.

The same situation existed with reference to the Unemployment Compensation Commission.

The last Legislature listed all Assistant Attorneys General in the Attorney General's appropriation, their salaries to be paid out of the General Fund. This was done in order to enable the Attorney General to make use of the services of Assistants serving the Liquor Board, the Unemployment Compensation Commission, and other departments operating out of special funds, for the rendition of other services when deemed necessary or expedient, yet without making the special funds, inequitably, bear all the salary cost when all of the Assistants' time was not devoted to the work of that department.

No question of supplementing an appropriation is involved. There are simply two appropriations available for defraying the same expenditure. The one may only be expended with the approval of the Attorney General; the other only with the approval of the department head. The appropriation to the Attorney General is available for law enforcement generally; the appropriation to the department is available only for the administration and enforcement of the particular laws committed to the jurisdiction of that department. An expenditure from the one does not supplement the other.

The paragraph styled "Transfers from Special Funds", appearing in the general rider to the departmental appropriation bill passed by the 46th Legislature, does not purport to announce a contrary rule. The purpose of such rider is to require reimbursement out of the special funds to the general fund for the costs of legal services and law enforcement work rendered by the Attorney General to the department financed out of the special fund, where such costs have been borne by the appropriation to the Attorney General from the General Fund. The language does not evince a purpose to require that all the costs of legal services and law enforcement must be borne by the appropriation to the Attorney General out of the General Fund.

Briefly stated, the situation is this: The appropriation to the Attorney General is for law enforcement generally; the appropriation to the department is for administration and enforcement of a particular law or laws. The appropriation to the Attorney General may be expended only by and under his authority; the appropriation to the other department may be expended only by and under the authority of that department's head. Each appropriation complements, but does not supplement, the other.

We have undertaken an expression of our views upon this question with some hesitancy, because it may appear to some that we are sitting in

judgment upon a matter of interest to this department. The interest, however, is more apparent than real, since our holding does not place funds appropriated to another department under the jurisdiction of this department, but only permits such funds to be expended upon the approval of such other department. In any event, we are required by law to answer your question to the best of our ability. In pursuance to this mandate, we have done so. The foregoing represents the considered opinion of this department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          *R. W. Fairchild*
R. W. Fairchild
Assistant

RWF:PBP

APPROVED MAY 31, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE.